UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARNOLD B. CURTIS**     **LA. DOC #327401** | **CIVIL ACTION NO. 3:14-cv-0544** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se petitioner Arnold B. Curtis, a prisoner in custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 11, 2014. Petitioner attacks his 1993 conviction for attempted possession of cocaine and the 5 year hard labor sentence imposed thereon by the Fourth Judicial District Court, Ouachita Parish, in the matter assigned Docket Number 93-F-04524.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

    Petitioner was charged with distribution of cocaine in case number 93-F452 of the Fourth Judicial District Court, Ouachita Parish. On June 22, 1993, he entered into a plea agreement whereby he pled guilty to attempted distribution of cocaine. In accordance with the plea agreement, he was sentenced to serve 5 years at hard labor; however, the sentence was suspended and he was placed on supervised probation for 5 years. [Doc. 1, pp. 20-37] He did not appeal his

conviction or sentence.[1] [Doc. 1, ¶9] Petitioner was thereafter convicted of other felonies in the Fourth Judicial District Court under Docket Numbers 95-F0171and 08-F2394. In Docket No. 95-F0171 petitioner pled guilty to two counts of distribution of cocaine and sentenced to serve concurrent sentences of 20 years; the probation imposed in 93-F0452 was apparently revoked based on the subsequent criminal conduct and conviction. *See State v. Curtis*, 28,309 (La. App. 2 Cir. 8/21/1996), 679 So.2d 512, *writ denied,* 688 So.2d 496.

Thereafter, he unsuccessfully attempted to collaterally attack his convictions in 93-F0452 and 95-F0171. *See State of Louisiana ex rel. Arnold Bennett Curtis v. State of Louisiana*, 98-1719 (La. 11/6/1998), 727 So.2d 442; *State of Louisiana ex rel. Arnold Bennett Curtis v. State of Louisiana*, 2001-2034 (La. 4/12/2002), 813 So.2d 403. His collateral attack of 08-F2394 was also unsuccessful. *State of Louisiana ex rel. Arnold Bennett Curtis v. State of Louisiana*, 2010-2512 (La. 9/30/2011), 71 So.3d 279 and, *State of Louisiana ex rel. Arnold Bennett Curtis v. State of Louisiana*, 2011-2525 (La. 6/22/2012), 90 So.3d 457. He launched unsuccessful collateral attacks on the convictions in 95-F0171and 08-F2394 in this Court. *Arnold Bennett Curtis v. Warden*, 3:98-cv-2416; *Arnold B. Curtis v. Warden*, 3:10-cv-0169; *Arnold B. Curtis v. Warden*, 3:11-cv-1882; *Arnold B. Curtis v. Warden*, No. 3:12-cv-1831; and, *Arnold B. Curtis v. Warden*, 3:12-cv-1870.

With regard to the instant case, petitioner filed the application for post-conviction relief

---

[1] The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the transcript petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

attacking his conviction in 93-F0452 on May 30, 2013. It was denied as time barred by the District Court on June 11, 2013 [Doc. 1, p. 17], by the Second Circuit Court of Appeals on July 26, 2013 [Doc. 1, p. 19], and by the Louisiana Supreme Court on February 28, 2014. *State of Louisiana ex rel. Arnold Bennett Curtis*, 2013-1869 (La. 2/28/2014), — So.3d —, 2014 WL 1283058. [Doc. 1, p. 18]

The instant *habeas corpus* petition was filed on March 11, 2014. Petitioner argued that the trial court failed to advise him of the 3 year period of limitation for seeking post-conviction relief and of the minimum sentence he could receive when he pled guilty on June 22, 1993; that his failure to raise his right hand during the plea invalidated the proceedings; that the 5 year suspended sentence was excessive; that he received ineffective assistance of counsel; that he was the victim of entrapment; and that the evidence was insufficient to convict.

### *Law and Analysis*

### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following June 22, 1993 (the date that petitioner pled guilty and was sentenced in accordance with the plea agreement)[3] or, on or about July 22, 1993.

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken." At the time petitioner entered his plea, prior to the 2003 amendment of the statute, the motion for appeal had to have been filed no more than 5 days (exclusive of holidays) after sentencing.

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*.

As noted above, it appears that petitioner collaterally attacked the revocation of his probation; however, that litigation ceased to be pending at the latest on November 6, 1998, when the Supreme Court denied writs in the matter of *State of Louisiana ex rel. Arnold Bennett Curtis v. State of Louisiana*, 98-1719 (La. 11/6/1998), 727 So.2d 442. Even if petitioner could rely on the tolling provision of Section 2244(d)(2), it is clear that a period well in excess of 1-year elapsed un-tolled between 1998 and the date the instant petition was filed.

*2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v.*

5

*Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Finally, petitioner cannot claim diligence given the fact that he allowed in excess of two decades to elapse between the date he was sentenced and the date he filed the instant petition.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 7, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**